**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KISS NAIL PRODUCTS, INC., | § § § | CIVIL ACTION NO. ___4:26-cv-2479___ |
| Plaintiff, | § § | COMPLAINT FOR PATENT |
| v. | § § | INFRINGEMENT |
| FIRSTLINE, INCORPORATED, | § § | |
| | § § | JURY DEMANDED |
| Defendant. | § | |

Plaintiff, KISS Nail Products, Inc. ("Plaintiff" or "KISS") hereby submits its Complaint for patent infringement against defendant, Firstline, Incorporated ("Defendant" or "Firstline"), and alleges as follows:

**THE PARTIES**

1. KISS is a company organized and existing under the laws of New Jersey, having its principal place of business at 25 Harbor Park Drive, Port Washington, New York 11050.

2. Upon information and belief, Firstline is a company organized and existing under the laws Texas, having its principal place of business at 13023 Trinity Drive, Stafford, Texas 77477.

3. Upon information and belief, Firstline is in the business of manufacturing and selling hair accessories, including hairbrushes, combs, sleep maintenance items, and styling accessories.

4. Upon information and belief, Firstline has manufactured, sold, and/or offered for sale an apparatus for coiling hair called WavEnforcer® Dual Side Twist Sponge, such as shown in Exhibit 1, throughout the United States ("Accused Product").

**JURISDICTION AND VENUE**

5.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, et seq.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

7.      This Court has personal jurisdiction over Firstline at least because it is incorporated under the laws of and its principal place of business is located in the State of Texas.

8.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because: (i) Firstline is organized under the laws of and its principal place of business is located in this District; and (ii) upon information and belief, Firstline has committed acts of infringement in Texas and has a regular and established place of business in Texas and within this District.

**THE PATENT IN SUIT**

9.       KISS is the owner, by way of assignment of U.S. Patent No. 11,974,645 (the "'645 Patent" or the "Patent-in-Suit"), which is entitled, "Device and Method for Coiling Hair." *See* Exhibit 2.

10.     The '645 Patent was filed on February 18, 2021, and it lists Siyong Sung, Kyusang Han, and Younghun Kim as the inventors. KISS is listed on the '645 Patent as the assignee.

11.     The '645 Patent was issued on May 7, 2024, and it is presumed to be valid.

12.     As an example, Claim 1 of the '645 Patent covers:

An apparatus for coiling hair comprising:
a working end comprising a plurality of spaced-apart monoliths having round distal ends and a plurality of dimples surrounding at least one of the monoliths;
wherein said monoliths comprise a non-pliable material,
wherein said monoliths are positioned at respective vertices of squares having sides of substantially similar lengths,
wherein said dimples are semi-spherical and are positioned at respective centers of the squares,
wherein centers of the plurality of dimples are located on a plane that defines a floor of the working end, and

wherein the working end further comprises a plurality of apertures surrounding the at least one of the monoliths.

## THE ACCUSED PRODUCT

13. Upon information and belief, the Accused Product was first made publicly available for sale after February 18, 2021.

14. The Accused Product is an apparatus for coiling hair that includes a working end comprising a plurality of spaced-apart monoliths having round distal ends and a plurality of dimples surrounding at least one of the monoliths.

15. The Accused Product includes monoliths comprised of a non-pliable material.

16. The Accused Product includes monoliths positioned at respective vertices of squares having sides of substantially similar lengths.

17. The Accused Produced includes dimples that are semi-spherical and are positioned at respective centers of the squares.

18. The Accused Product includes centers of the plurality of dimples that are located on a plane that defines a floor of the working end.

19. The Accused Product includes a working end comprised of a plurality of apertures surrounding at least one of the monoliths.

20. The Accused Product meets each and every limitation of at least claim 1 of the '645 Patent.

## ADDITIONAL FACTS

21. On March 6, 2025, KISS sent Firstline a cease-and-desist letter demanding that Firstline, *inter alia*, cease and desist from all sales of the Accused Product. *See* Exhibit 3.

22. By at least this date, Firstline had actual and constructive knowledge that the Accused Product infringes the '645 Patent.

23.     On March 18, 20215, Firstline responded through counsel requesting a claim chart providing an analysis supporting its claim of infringement. *See* Exhibit 4. Firstline did not agree to comply with KISS's demands in the cease-and-desist letter.

24.     On April 4, 2025, KISS replied by sending a letter enclosing a claim chart comparing independent claim 1 of the '645 Patent to the Accused Product and showing how the Accused Product infringes by meeting each and every limitation of a least claim 1 of the '645 Patent. *See* Exhibit 5 (the "Claim Chart").

25.     As shown in the Claim Chart at pages 1 - 3, the Accused Product is "[a]n apparatus for coiling hair" that includes "a working end comprising  a plurality of spaced-apart monoliths having round distal ends and a plurality of dimples surrounding at least one of the monoliths," which reflects the first limitation of claim 1 of the Patent-in-Suit.

26.      As shown in the Claim Chart at page 4, the Accused Product's "monoliths comprise a non-pliable material," which reflects the second limitation of claim 1 of the Patent-in-Suit.

27.     As shown in the Claim Chart at page 5, the Accused Product's "monoliths are positioned at respective vertices of squares having sides of substantially similar lengths," which reflects the third limitation of claim 1 of the Patent-in-Suit.

28.     As shown in the Claim Chart at page 6, the Accused Product's "dimples are semi-spherical and are positioned at respective centers of the squares," which reflects the fourth limitation of claim 1 of the Patent-in-Suit.

29.     As shown in the Claim Chart at page 7, the Accused Product's "centers of plurality of dimples are located on a plane that defines a floor of the working end," which reflects the fifth limitation of claim 1 of the Patent-in-Suit.

30.     As shown in the Claim Chart at page 8, the Accused Product's "working end further comprises a plurality of apertures surrounding the at least one of the monoliths," which reflects the sixth limitation of claim 1 of the Patent-in-Suit.

31.     The cease-and-desist letter reiterated KISS's demand that Firstline take steps to stop the manufacture, sale and/or distribution of the Accused Product and attempted to resolve the dispute without litigation. *See* Exhibit 5.

32.     Nonetheless, on April 22, 2025, Firstline, through counsel, replied by letter that there is no infringement and considered the matter resolved. In other words, Firstline refused to comply with KISS's demands to, *inter alia,* stop the manufacturing, selling and/or distributing the Accused Product. *See* Exhibit 6.

33.     On November 21, 2025, KISS's undersigned counsel sent Firstline, through counsel, a third cease-and-desist letter demanding, again, that Firstline: (i) cease its unauthorized infringement of the '645 Patent, including immediately ceasing its manufacture, use, sale or offer to sell the Accused Product; (ii) remove and/or disable any online marketing, points of sale, or any other website content controlled by Firstline or its distributors/retailers that are directed to the Accused Product; (iii) destroy or discard any inventory of the Accused Product; and (iv) provide written confirmation of Firstline's compliance with the foregoing. *See* Exhibit 7. The letter also enclosed a draft of this Complaint and stated that KISS planned to commence this action if Firstline failed to comply and/or the parties failed to reach a resolution.

34.     Firstline replied by letter dated November 28, 2025, and refused to comply. *See* Exhibit 8. Thereafter, the parties engaged in discussions in an attempt to reach an amicable resolution, but those efforts were unsuccessful, and Firstline continues to infringe the '645 Patent.

## COUNT I

35.     KISS realleges the preceding paragraphs as if fully set forth herein.

36.     The Accused Product meets the limitations of one or more claims of the '645 Patent either literally or under the doctrine of equivalents, including at least claim 1.

37.     Firstline, by manufacturing, selling, and offering for sale the Accused Product has directly infringed at least claim 1 of the '645 Patent.

38.     Firstline's infringement of the '645 Patent is willful in that Firline was aware of the '645 Patent, Firstline has no good faith belief that the Accused Produced does not infringe one or more claims of the '645 Patent, and Firstline has no good faith belief that '645 Patent is invalid or unenforceable.

39.     KISS has suffered and will continue to suffer damages in an amount yet to be determined and irreparable injury as a result of Firstline's infringement of the '645 Patent.

## PRAYER FOR RELIEF

WHEREFORE, KISS requests that judgment be entered against Firstline:

A.     Declaring that Firstline has infringed at least one claim of U.S. Patent No. 11,974,645;

B.     Declaring that Firstline's infringement of U.S. Patent No. 11,974,645 is willful;

C.     Preliminarily and permanently enjoining Firstline, its officers, employees, subsidiaries, agents, attorneys, and all persons in active concert with them, from any further infringement of U.S. Patent No. 11,974,645;

D.     Awarding damages, costs and interest to KISS under 35 U.S.C. §§ 284;

E.     Awarding up to treble damages upon a finding that Firstline's infringement has been willful and wanton under 35 U.S.C. § 284;

F.      Declaring this case exceptional and awarding KISS its reasonable attorneys fees pursuant to 35 U.S.C. § 285; and

G.      Awarding KISS such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of any issue so triable as of right.

Dated: March 27, 2026

By: /s/ *Matthew C. Acosta*
Matthew C. Acosta, *attorney-in-charge*
S.D. Tex. Bar No. 1043977
Texas State Bar No. 24062577
**PLATT RICHMOND PLLC**
1201 N. Riverfront Blvd., Suite 150
Dallas, TX 75207
Tel. (214) 559-2700
Fax: (214) 559-4390

OF COUNSEL:
Gregory D. Miller
Gene Y. Kang
Craig Svoboda
**RIVKIN RADLER LLP**
25 Main Street, Suite 501
Court Plaza North
Hackensack, New Jersey 07601
P: (201) 287-2489
F: (201) 489-0495
gene.kang@rivkin.com

*Attorneys for Plaintiff, KISS Nail Products, Inc.*